UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHANIE G.,

        **Plaintiff,**

    v.                                     **Civil Action 2:23-cv-1151**
                                                    **Magistrate Judge Chelsey M. Vascura**

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

## OPINION AND ORDER

Plaintiff, Stephanie G. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security supplemental security income benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply Memorandum (ECF No. 12), and the administrative record (ECF No. 7). For the reasons that follow, Plaintiff's Statement of Errors is **OVERRULED** and the Commissioner's decision is **AFFIRMED**.

## I.      BACKGROUND

Plaintiff protectively filed her application for Title XVI supplemental security income benefits on July 8, 2016, alleging that she became disabled on November 30, 2011. After Plaintiff's applications were denied at the initial and reconsideration levels, administrative law judge ("ALJ") Timothy Keller held a hearing on October 9, 2018, and issued an unfavorable decision on December 31, 2018. The Appeals Council denied Plaintiff's request for review, and

Plaintiff commenced an action in this Court on April 16, 2020. (*See* Case No. 2:20-cv-1970.) On the parties' joint motion, the Court remanded that action to the Commissioner on February 8, 2021. (Case No. 2:20-cv-1970, ECF No. 23.)

A new administrative hearing was held by telephone on June 29, 2022 before ALJ Jeffrey Hartranft. ALJ Hartranft issued an unfavorable decision on January 20, 2023. Plaintiff commenced the current action on March 31, 2023, seeking judicial review of ALJ Hartranft's unfavorable decision. Plaintiff asserts a single contention of error: that the ALJ erred in failing to properly consider the opinion of Plaintiff's treating nurse practitioner. (Pl.'s Statement of Errors 11–16, ECF No. 9.) The undersigned finds that any error in this regard was harmless.

## II.    THE ALJ'S DECISION

On January 20, 2023, ALJ Hartranft issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 563–576.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1.    Is the claimant engaged in substantial gainful activity?
2.    Does the claimant suffer from one or more severe impairments?
3.    Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4.    Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5.    Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

gainful activity since her application date of July 8, 2016. (*Id.* at 566.) At step two, the ALJ

found that Plaintiff had the severe impairments of multiple sclerosis (MS), obesity, major

depressive disorder, anxiety disorder, and borderline intellectual functioning. (*Id.*) At step three,

the ALJ found that Plaintiff did not have an impairment or combination of impairments that met

or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P,

Appendix 1. (*Id.* at 567–70.) The ALJ then set forth Plaintiff's residual functional capacity

("RFC")[2] as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as
> defined in 20 CFR 416.967(a) except she requires the use of a cane when walking
> but could carry up to the exertional level in the other hand. She can occasionally
> climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can
> occasionally stoop, kneel, crouch, and crawl. She can frequently handle and finger.
> She should avoid workplace hazards such as unprotected heights and machinery,
> and she can never drive commercially. Mentally, she can understand, remember,
> and carry out simple tasks and instructions without strict production quotas or fast-
> paced work such as on an assembly line.

(*Id.* at 570.) The ALJ then relied on the hearing testimony of a Vocational Expert ("VE") at steps

four and five to conclude that Plaintiff was not capable of performing her past relevant work, but

that there are other jobs existing in significant numbers in the national economy that an

individual with Plaintiff's age, education, work experience, and residual functional capacity

could perform during the relevant period, such as bench assembler and surveillance monitor. (*Id.*

at 574–75.) The ALJ therefore concluded that Plaintiff was not disabled under the Social

Security Act during the relevant period. (*Id.* at 575–76.)

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20
C.F.R. § 404.1545(a)(1).

### III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

4

## IV.   ANALYSIS

As set forth above, Plaintiff raises a single contention of error: that the ALJ did not properly consider the opinion of her treating nurse practitioner. The undersigned finds that any error by the ALJ in this regard was harmless.

Carrie Andrews was Plaintiff's treating nurse practitioner from March 2017 through October 2021 and treated Plaintiff primarily for headaches, chronic pain, and multiple sclerosis. (R. 506–39, 855–65, 1056–1117.) On February 28, 2018, Ms. Andrews wrote a letter, which reads in its entirety as follows:

> Stephanie is a patient under my care for Multiple Sclerosis. Due to the progression of her disease, she requires assistance at home. Her husband is her primary caregiver. She has memory issues and difficulty doing her activities of daily living. Her husband does all the cooking and cleaning. He also helps her with getting out of bed or up from a chair. She has frequent falls and needs assistance at times with ambulation. He assists with bathing as needed as well. Please contact me if additional information is required.

(R. 436.)

Plaintiff is correct that ALJ Hartranft does not mention Ms. Andrews or her letter anywhere in his decision.[3] And while a nurse practitioner is not an "acceptable medical source" whose opinions must be given deference as a treating physician under 20 CFR § 404.1527(c)(2), a nurse practitioner is an "other source" whose opinions must be considered under Social

---

[3] Plaintiff's Statement of Errors faulted the ALJ for undertaking only a brief analysis of Ms. Andrews's opinion. However, it was ALJ Keller in 2018 who undertook a brief analysis of Ms. Andrews's opinion, ultimately giving it "little weight." (R. 49.) But ALJ Keller's 2018 decision has since been vacated and is irrelevant to the Court's analysis. The Commissioner's opposition brief correctly points out that ALJ Hartranft's 2023 decision, which is at issue, does not mention Ms. Andrews at all. On reply, Plaintiff argues that ALJ Hartranft's failure to even mention Ms. Andrews's opinion is an even greater error that ALJ Keller's cursory analysis.

Security Ruling 06-03p, 2006 WL 2329939 and 20 CFR § 404.1527(c).[4] While SSR 06-03p

notes that information from "other sources" cannot establish the existence of a medically

determinable impairment, the information "may provide insight into the severity of the

impairment(s) and how it affects the individual's ability to function." *Cruse v. Comm'r of Soc.*

*Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (quoting SSR 06-03p at *3). Thus,

> [a]lthough there is a distinction between what an adjudicator must consider and
> what the adjudicator must explain in the disability determination or decision, the
> adjudicator generally should explain the weight given to opinions for these "other
> sources," or otherwise ensure that the discussion of the evidence in the
> determination or decision allows a claimant or subsequent reviewer to follow the
> adjudicator's reasoning, when such opinions may have an effect on the outcome of
> the case.

*Cruse*, 502 F.3d at 541 (quoting SSR 06-03p at *6). The Ruling also instructs ALJs to evaluate

opinion evidence from "other sources" using the same factors applicable to "acceptable medical

sources"; namely:

- How long the source has known and how frequently the source has seen the individual;

- How consistent the opinion is with other evidence;

- The degree to which the source presents relevant evidence to support an opinion;

- How well the source explains the opinion;

- Whether the source has a specialty or area of expertise related to the individual's impairment(s); and

- Any other factors that tend to support or refute the opinion.

SSR 06-03p at 4–5 (citing factors set forth in 20 CFR § 404.1527(c)). Failure to comply with

SSR 06-03p and § 404.1527 when considering "other source" opinions therefore constitutes error

---

[4] This Social Security Ruling and Regulation were rescinded for claims filed after March 27,
2017. Because Plaintiff's claim was filed in 2016, the Court applies the relevant authorities in
effect at that time.

by the ALJ. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (reversing the Commissioner's decision in part because the ALJ failed to consider the opinion of the plaintiff's treating mental health counselor).

The Commissioner argues that ALJ Hartranft had no duty to comply with SSR 06-03p or § 404.1527 with regard to Ms. Andrews's letter because the letter does not constitute an "opinion," but rather reflects only Ms. Andrews's observations and Plaintiff's subjective reports. The regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions" and note that "[o]pinions from medical sources who are not acceptable medical sources and from nonmedical sources may reflect the source's judgment about some of the same issues addressed in medical opinions from acceptable medical sources." 20 C.F.R. § 404.1527(a)(1), (f)(1). The undersigned finds it unnecessary to determine whether Ms. Andrews's letter constitutes an opinion requiring consideration under § 404.1527 because even if the letter is an opinion, any failure by the ALJ to consider it was harmless.

"It is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). Here, the ALJ allegedly failed to follow SSR 06-03p. Generally, however, federal courts review decisions of administrative agencies for harmless error. *Rabbers*, 582 F.3d at 654–55. Accordingly, "an agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Serv. Comm'n,* 721 F.2d 1054, 1056 (6th Cir. 1983).

Here, any error by the ALJ in failing to consider Ms. Andrews's letter is ultimately harmless. Although an ALJ must consider other source opinions and generally should explain the weight given to them, "other-source opinions are not entitled to any special deference." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014). Moreover, Ms. Andrews's cursory statements that Plaintiff has "difficulty" with her activities of daily living and requires "help" or "assistance" with getting out of bed or a chair, ambulation, or bathing do not constitute definitive limitations. *See Jude v. Comm'r of Soc. Sec.*, No. 2:20-CV-3579, 2022 WL 612152, at *2 (S.D. Ohio Mar. 2, 2022) (quoting *Mosley v. Berryhill*, No. 1:13-0055, 2017 WL 1153896, at *10 (M.D. Tenn. Mar. 28, 2017) (an assessment of "difficulty" with an activity "does not constitute a definitive functional limitation that the ALJ was required to incorporate into the RFC"); *Graham v. Comm'r Soc. Sec.*, No. 1:18-CV-1939, 2019 WL 4451366, at *5 (N.D. Ohio Sept. 17, 2019) (finding no violation of SSR 96-8p where the ALJ failed to explain why he did not adopt specific limitations because, *inter alia*, the at-issue limitations "were not definitive as they indicated that Plaintiff '*may* require some repetition' as to instructions and '*may*' need assistance in making independent decisions regarding work goals"); *Slivka v. Berryhill*, No. 1:17-CV-01076, 2018 WL 3340388, at *9 (N.D. Ohio May 29, 2018), *report and recommendation adopted*, 2018 WL 3336461 (N.D. Ohio July 5, 2018) ("To treat the *possible* limitations floated by Dr. Matyi as an affirmative finding that such limitations are mandated would improperly alter the contents of the medical source's opinion.").

Moreover, Ms. Andrews does not offer any supporting evidence or explanation for her opinions. Even for treating physicians, whose opinions are generally given deference, an ALJ may discount an opinion if it is not well-supported or explained. As the Sixth Circuit has held, an ALJ may properly assign little weight to opinions from treating sources "where the physician

provided no explanation for the restrictions . . . and cited no supporting objective medical evidence." *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016). This rule must apply *a fortiori* to "other sources" who are not entitled to the same deference as treating physicians.

Finally, Plaintiff fails to identify any additional limitations arising from Ms. Andrews's opinion that were not already included in the RFC. ALJ Hartranft's RFC limited Plaintiff to sedentary work and ambulation with a cane, as well as other climbing, stooping, kneeling, crouching, and crawling limitations. Mentally, ALJ Hartranft limited Plaintiff to simple tasks and instructions without quotas or fast-paced work. Plaintiff asserts in a conclusory fashion that "[h]ad the ALJ properly evaluated Ms. Andrews' opinions instead of cursorily rejecting her opinions, the ALJ's residual functional capacity would have been materially different" (Statement of Errors 15, ECF No. 9); "[i]f [Plaintiff] needed assistance getting up and down or simply walking around, that would undoubtedly affect her ability to work" (Reply 3, ECF No. 12); and "the ALJ cannot simply ignore contradictory evidence" (*Id.* at 4). Yet Plaintiff fails to explain how a full consideration of Ms. Andrews's opinion would have resulted in a more restrictive RFC. For these reasons, the undersigned finds that any error by ALJ Hartranft in failing to consider Ms. Andrews's opinion was harmless. *See Rosshirt v. Comm'r of Soc. Sec.*, No. 2:19-CV-3280, 2020 WL 1465786, at *6 (S.D. Ohio Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 4592393 (S.D. Ohio Aug. 11, 2020) (failure to consider "other source" opinion was harmless error when Plaintiff failed to develop arguments that the opinion warranted greater RFC restrictions); *cf. McLeod v. Comm'r of Soc. Sec.*, No. 1:18-CV-1396, 2020 WL 1501914, at *6 (W.D. Mich. Mar. 30, 2020) (failure to consider "other source" opinion was not harmless error "because it could have affected the outcome of the case").

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, the Court **OVERRULES** Plaintiff's Statement of Errors and **AFFIRMS** the Commissioner of Social Security's decision.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

10